**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Ch. 11 Case No. 01-42217 (MKV) |
| AMES DEPARTMENT STORES, INC., *et al.*, | Jointly Administered |
| Post-Confirmation Debtors. | Substantively Consolidated |

**FINAL DECREE CLOSING CHAPTER 11**
**CASES AND GRANTING RELATED RELIEF**

Upon the Application of Ames Department Stores, Inc. and its post-confirmation debtor affiliates (the "<u>Post-Confirmation Debtors</u>")[1] for a final decree closing the above-captioned chapter 11 cases and granting related relief [ECF No. 4598] (the "Application"); and the Post-Confirmation Debtors having filed, and attached to the Application, a Closing Report pursuant to Local Rule 3022-1; and this Court being satisfied that the Post-Confirmation Debtors' estates have been fully administered; and upon the certificate of no objection [ECF No. 4599]; now therefore, it is hereby ORDERED:

1. The Application is granted as set forth herein.

2. Pursuant to Bankruptcy Code section 350(a) and Rule 3022, the Post-Confirmation Debtors' chapter 11 cases are hereby closed.

3. Donlin shall prepare a final claims register for the Bankruptcy Court Clerk pursuant to the guidelines for implementing 28 U.S.C. § 156(c) and box and transport all claims in accordance with the Clerk's directions. The foregoing services to be rendered by Donlin shall be a charge to the Post-Confirmation Debtors' estates.

4. Except as provided herein, Donlin is hereby discharged as the Debtors' claims and noticing agent.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the motion.

5. The Closing Report attached to the Application as Exhibit 2 is approved.

6. No minimum United States Trustee fees shall be payable in respect of the Post-Confirmation Debtors for periods after the date hereof.

7. The Post-Confirmation Debtors are authorized to: (a) use the Residual Cash to satisfy United States Trustee fees incurred for this quarter through the date of the Final Decree and professional fees of the Post-Confirmation Debtors, the Plan Administrator, and the Post-Confirmation Committee in winding up the Post-Confirmation Debtors' estates; (b) dissolve the Post-Confirmation Debtors pursuant to Section 4.11 of the Plan; (c) file tax returns for this stub year; (d) satisfy the final invoices for their respective professionals and Donlin; (e) make an additional distribution of any remaining amounts to holders of allowed note or general unsecured claims; and (f) if there are any funds left over, distribute the same to one or more charitable organization(s) pursuant to Section 6.4 of the Plan, in each case from the reserve established by the Plan Administrator.

8. In connection with the Charitable Contribution, the Post-Confirmation Debtors are authorized to make a contribution to the Disability Rights Council of Greater Washington, in an amount not to exceed $10,000, if and when funds are available for distribution in accordance with Section 6.4 of the Plan.

9. Notwithstanding entry of this Final Decree, to the extent any action that could have been taken pursuant to Article 4 of the Plan (Means of Implementation) has not been completed, the Post-Confirmation Debtors, Post-Confirmation Committee, and/or the Plan Administrator may undertake such action and shall remain authorized to do so, including, but not limited to liquidating any remaining assets (Plan 4.2), undertaking any required Corporate Action (Plan 4.10), satisfaction of any PIP and ERP Obligations (Plan 4.9), and Dissolution of the

Debtors (Plan 4.11). The Post-Confirmation Committee shall be dissolved upon the completion of such action.

10. The Plan Administrator, the Post-Confirmation Committee, and their respective professionals are hereby discharged from any further duties in connection with these chapter 11 cases and exculpated and released from any liability on account of any acts or omissions in connection with these chapter 11 cases and post-Effective Date acts, except with respect to acts or omissions constituting actual fraud, willful misconduct and/or gross negligence.

11. The Post-Confirmation Debtors are authorized to abandon all of their books records, including books and records presently stored with Iron Mountain Inc. or at any other location.

12. The Post-Confirmation Debtors are hereby authorized to transfer the ameshome.com URL and associated e-mail accounts and related intellectual property to Mr. Rolando de Aguiar, provided that, that, to the extent the Plan Administrator determines any value for the estates can be (or is) derived from the ameshome.com domain, or from the emails (or their content), which is greater than a *de minimis* amount and which belongs to the Debtors' estates (and not, for example, value that belongs to individuals having an ameshome.com email address or other third parties), the Plan Administrator will, to the extent practicable, confer with counsel regarding steps to bring such value into the estate, including the costs and benefits of any further actions.

13. The Plan Administrator may take such additional steps as may be necessary to wind down the Post-Confirmation Debtors and close these chapter 11 cases.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Decree.

15. The terms of this Final Decree shall be immediately effective and enforceable upon its entry.

16. This Court shall retain jurisdiction with respect to any disputes relating to the interpretation or enforcement hereof.

Dated: New York, New York
   June 26, 2017

                _s/ Mary Kay Vyskocil_
                Honorable Mary Kay Vyskocil
                United States Bankruptcy Judge